IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MOTOROLA MOBILITY LLC;<br><br>*Defendant.* | Case No. 1:24-cv-08726<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendant Motorola Mobility LLC ("Defendant" or "Motorola") alleging infringement of U.S. Patent No. 8,891,347 (the "'347 Patent") and U.S. Patent No. 7,924,802 (the "'802 patent") (the "Patents-in-Suit" or "Asserted Patents").

### Plaintiff Cobblestone and the Patents-in-Suit

1. Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2. On information and belief, Defendant Motorola Mobility LLC is a Delaware limited liability company with its principal office located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4. This Court has personal jurisdiction over Motorola in this action because Motorola has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Motorola would not offend traditional notions of fair play and substantial justice. Motorola, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation the tablets and phones accused of infringement in this case and cellular services offered by Motorola on its network.

5. Motorola, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Northern District of Illinois. These products and/or services have been and continue to be purchased and used in the Northern District of Illinois.

6. Venue as to Motorola is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Motorola resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7. Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things,

importing, offering to sell, and selling products that infringe the asserted patents. Defendant has regular and established places of businesses in this District, including at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.

**Count 1 – Claim for infringement of the '347 patent.**

8. Cobblestone incorporates by reference each of the allegations in paragraphs 1–7 above and further alleges as follows:

9. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,891,347 (the "'347 Patent"), entitled "User-Focusing Technique for Wireless Communication Systems." The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2014. A true and correct copy of the '347 Patent is attached as Exhibit 1.

10. On information and belief, Motorola makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Instrumentalities"), including cellular user equipment (UE) that supports 3GPP 5G NR beamforming, including without limitation Motorola's Edge 50 Ultra, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '347 Patent.

11. Motorola also knowingly and intentionally induces infringement of at least Claim 1 of the '347 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Motorola has had knowledge of the '347 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '347 Patent, Motorola continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '347 Patent. Motorola does so knowing and intending that its customers and end users will commit these infringing acts. Motorola also continues to make, use, offer for sale, sell,

and/or import the Accused Instrumentalities, despite its knowledge of the '347 Patent, thereby specifically intending for and inducing its customers to infringe the '347 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12. Motorola has also infringed, and continue to infringe, at least Claim 1 of the '347 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Motorola has been, and currently is, contributorily infringing the '347 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

13. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '347 Patent. A claim chart comparing independent claim 1 of the '347 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Motorola has injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Motorola's infringement of the '347 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Motorola's infringement, but in no event less than a reasonable royalty for the use made of the invention by Motorola, together with interest and costs as fixed by the Court.

**Count 2 – Claim for infringement of the '802 patent.**

16. Cobblestone incorporates by reference each of the allegations in paragraphs 1–15 above and further alleges as follows:

17. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods." The '802 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '802 Patent is attached as Exhibit 3.

18. On information and belief, Motorola makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Instrumentalities"), including cellular user equipment (UE) that supports 3GPP carrier aggregation, including without limitation Motorola's Edge 50 Ultra, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '802 Patent.

19. Motorola also knowingly and intentionally induces infringement of at least Claim 1 of the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Motorola has had knowledge of the '802 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '802 Patent, Motorola continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '802 Patent. Motorola does so knowing and intending that its customers and end users will commit these infringing acts. Motorola also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '802 Patent, thereby specifically intending for and inducing its customers to infringe the '802 Patent through the customers' normal and customary use of the Accused Instrumentalities.

20. Motorola has also infringed, and continue to infringe, at least Claim 1 of the '802 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions

claimed in the '802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Motorola has been, and currently is, contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

21. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as Exhibit 4.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Motorola has injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

23. As a result of Motorola's infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Motorola's infringement, but in no event less than a reasonable royalty for the use made of the invention by Motorola, together with interest and costs as fixed by the Court.

### Jury Trial Demanded

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A. A judgment in favor of Cobblestone that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '347 and '802 Patents, and that the '347 and '802 Patents are valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendant to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Defendant's infringement of the '347 and '802 Patents;

D. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E. A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Cobblestone may be entitled.

Dated: September 20, 2024	Respectfully submitted,

*/s/ Kristopher R. Davis*
Reza Mirzaie (*pro hac vice* forthcoming)
CA State Bar No. 246953
Marc A. Fenster (*pro hac vice* forthcoming)
CA State Bar No. 181067
Kristopher R. Davis
IL State Bar No. 6296190
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: kdavis@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**